# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND
### (Baltimore Division)

| | | |
|---|---|---|
| **ROBERT F. LINDSEY, SR.** | * | |
| **1719 Circle Road** | | |
| **Ruxton (Baltimore County), MD 21204** | * | |
| | | |
| **Plaintiff,** | * | |
| | | **Case No.** |
| **v.** | * | |
| | | |
| **AMERICAN EXPRESS TRAVEL** | * | |
| **RELATED SERVICES COMPANY, INC.** | | |
| **SERVE:** | | |
| **The Corporation Trust, Inc., R/A** | * | |
| **300 E. Lombard Street** | | |
| **Baltimore, MD 21202** | * | |
| | | |
| **&** | * | |
| | | |
| **EQUIFAX INC.** | * | |
| **32 South Street** | | |
| **Baltimore, MD 21202** | * | |
| **SERVE:** | | |
| **The Prentice-Hall Corporation** | * | |
| **System, Maryland, R/A** | | |
| **11 E. Chase Street** | * | |
| **Baltimore, MD 21202** | | |
| | * | |
| **EXPERIAN INFORMATION** | | |
| **SOLUTIONS, INC.** | * | |
| **505 City Parkway West** | | |
| **Orange, CA 92668** | * | |
| **SERVE:** | | |
| **The Corporation Trust, Inc., R/A** | * | |
| **300 E. Lombard St.** | | |
| **Baltimore, MD 21202** | * | |
| | | |
| **&** | * | |
| | | |
| | * | |

|  |  |
|---|---|
| | * |
| **TRANS UNION, LLC** | |
| **1013 Centre Road** | * |
| **Wilmington, DE 19805** | |
| **SERVE:** | * |
|     **CSC Lawyers Incorporating** | |
|     **Service Co., R/A** | * |
|     **11 E. Chase Street** | |
|     **Baltimore, MD 21202** | * |
| | |
| **Defendants.** | * |

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

## COMPLAINT

Plaintiff, Robert Lindsey, by Adam M. Spence, Michael Lentz, and the Law Offices of Adam M. Spence, P.C., his attorneys, for his Complaint against Defendants, American Express Travel Related Service Company, Inc., Equifax, Inc., Experian Information Solutions, Inc., and Trans Union, LLC, states as follows:

## PRELIMINARY STATEMENT

1.    This is an action for actual and statutory damages, costs and attorney's fees pursuant to, *inter alia*, 15 U.S.C. § 1681 *et seq.* (Federal Fair Credit Reporting Act or "FCRA").

## JURISDICTION

2.    The jurisdiction of this Court is conferred by 15 U.S.C. §1681(p) and 28 U.S.C. §§ 1331 & 1367.

3.    Venue in this District is proper pursuant to 28 U.S.C. §1391.

## PARTIES

4.      Plaintiff, Robert Lindsey is an individual who resides in the State of Maryland and is a "consumer" as contemplated by 15 U.S.C. 1681(a)(c).

5.      Upon information and belief, Defendant, American Express Travel Related Services Company, Inc. ("American Express"), is a corporation incorporated under the laws of the State of New York and authorized to do business in the State of Maryland.  Plaintiff believes and therefore avers that American Express is engaged in, *inter alia*, providing credit to consumers and businesses using American Express credit cards and is a wholly owned subsidiary of American Express Company.

6.      Upon information and belief, Defendant, Equifax, Inc. ("Equifax"), is a corporation incorporated under the laws of the State of Georgia and authorized to do business in the State of Maryland.

7.      Upon information and belief, Defendant, Experian Information Solutions, Inc. ("Experian"), is a corporation incorporated under the laws of the State of Ohio and authorized to do business in the State of Maryland.

8.      Upon information and belief, Defendant, Trans Union, LLC ("Trans Union", with Equifax and Experian, the "Credit Reporting Agencies"), is a corporation incorporated under the laws of the State of Delaware and authorized to do business in the State of Maryland.

9.      Each of the Credit Reporting Agencies is a consumer reporting agency, as defined in 15 U.S.C. §1681(a)(f).   Upon information and belief, the Credit Reporting Agencies are regularly engaged in the business of assembling and evaluating information concerning consumers for the purpose of providing consumer reports to third parties on a nationwide basis as contemplated by 15 U.S.C. § 1681(a)(d)&(p).

10.      Upon information and belief, each of the Credit Reporting Agencies disburses such consumer reports to third parties under contract for monetary compensation.

## FACTS COMMON TO ALL COUNTS

11.      In late 2002, Mr. Lindsey started receiving statements from American Express claiming an outstanding balance of $20,350.01 due and owing to American Express on American Express Account No.371541270652005.   American Express contended that Mr. Lindsey was allegedly co-obligated on this account with AC Software, Inc., Mr. Lindsey's former employer.

12.      Thereafter, Mr. Lindsey repeatedly informed American Express that he did not open and was not responsible for the credit account and that it was strictly an obligation of AC Software, Inc.  Mr. Lindsey (i) did not apply in writing, on-line, by telephone or otherwise for the account, (ii) did not know that his name was used in the application for the account, (iii) did not authorize the use of his name in the application for the account, (iv) never used the card, and (v) never authorized the use of the card.

13.      Thereafter, Mr. Lindsey requested and received a copy of his credit files that were compiled and maintained by Equifax (the "Equifax Credit Report"), Experian (the "Experian Credit Report") and Trans Union (the "Trans Union Credit Report," with the Equifax Credit Report and the Experian Credit Report, the "Credit Reports").

14.     Within the Credit Reports, each of the respective Credit Reporting Agencies reported that Mr. Lindsey had opened and was responsible for the credit account with American Express, which credit account was shown on the Credit Reports as outstanding with a derogatory payment history.

15.     The representations made by American Express to the Credit Reporting Agencies regarding Mr. Lindsey's purported default on his purported account with American Express were false.

16.     Specifically, Mr. Lindsey (i) did not apply in writing, on-line, by telephone or otherwise for the account, (ii) did not know that his name was used in the application for the account, (iii) did not authorize the use of his name in the application for the account, (iv) never used the card and (v) never authorized the use of the card.

17.     Mr. Lindsey never applied for or used the American Express card and therefore, Mr. Lindsey could not have defaulted on any obligations related thereto as American Express has reported.

18.     After receiving the Credit Reports containing this false information, Mr. Lindsey informed each of the Credit Reporting Agencies that (i) he disputed the information concerning the American Express account contained on each of the respective credit reports and requested the verification of any records of the American Express account reported in his credit files at each of the Credit Reporting Agencies and (ii) he had been harmed by the erroneous reporting of the credit account on his Credit Reports.

19.     The Credit Reporting Agencies did not evaluate or consider any of Mr. Lindsey's information and claims and failed to make any attempt to substantially or reasonably verify the accuracy of the American Express representations related to the account.   Mr. Lindsey believes and therefore avers that each respective Credit Reporting Agency, acting in accordance with their respective standard procedures, failed to adequately address the accuracy of the information reported to them by American Express.

20.     American Express also failed to respond, as required by law, to the concerns outlined in Mr. Lindsey's dispute letter sent to the Credit Reporting Agencies in the manner required by the Fair Credit Reporting Act.

### COUNT I
**(Violation of the §1681(e) of the FCRA by Equifax**)

21.     Paragraphs 1-20 are hereby incorporated by reference.

22.     Equifax violated 15 U.S.C. § 168l(e)(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Mr. Lindsey.

23.     As a result of the conduct, action and inaction of Equifax, Mr. Lindsey suffered damage by loss of credit, loss of the ability to purchase and benefit from credit, the mental and emotional pain and anguish as well as the humiliation and embarrassment of credit denial and/or an inability to obtain credit on terms that he would otherwise be able to obtain if the inaccurate information was not included in his credit file.

24.     Equifax's conduct, action and inaction was willful in its non-compliance with the FCRA, rendering it liable for compensatory and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681(n).

25.    In the alternative, Equifax was negligent in its non-compliance with the FCRA, entitling the Mr. Lindsey to recover under 15 U.S.C. 1681(o).

26.    Mr. Lindsey is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. §1681(n)&(o).

WHEREFORE, Robert Lindsey respectfully requests this Court enter an Order of judgment in favor of Robert Lindsey and against Defendant, Equifax, Inc. for the amount of $150,000.00 in compensatory damages, $150,000.00 in punitive damages, plus attorney's fees and post-judgment interest on these amounts until paid in full.

## COUNT II
### (Violation of §1681(i) of the FCRA Act by Equifax)

27.    Paragraphs 1-20 are hereby incorporated by reference.

28.    Equifax violated 15 U.S.C. §1681i(a) on multiple occasions by

A.  failing to delete inaccurate, incomplete or unverifiable information in Mr. Lindsey's credit file after receiving actual notice of such inaccuracies;
B.  failing to delete inaccurate, incomplete or unverifiable information in Mr. Lindsey's credit file after conducting a reinvestigation into the representations made in the credit file; and
C.  failing to maintain reasonable procedures with which to filter and verify disputed information in Mr. Lindsey's credit file.

29.    As a result of the conduct, action and inaction of Equifax, Mr. Lindsey has suffered damage by loss of credit, loss of the ability to purchase and benefit from credit, the mental and emotional pain and anguish as well as the humiliation and embarrassment of credit denial and/or an inability to obtain credit on terms that he would otherwise be able to obtain if the inaccurate information was not included in his credit file.

30.    Equifax's conduct, action and inaction was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §l681(n).

31.     Alternatively, Equifax was negligent, entitling the Mr. Lindsey to recover under 15 U.S.C. 1681(o)

32.     Mr. Lindsey is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. §1681(n)&(o).

WHEREFORE, Robert Lindsey respectfully requests this Court enter an Order of judgment in favor of Robert Lindsey and against Defendant, Equifax, Inc. for the amount of $150,000.00 in compensatory damages and $150,000.00 in punitive damages, plus attorney's fees and post-judgment interest on these amounts until paid in full.

<u>**COUNT III**</u>
**(Violation of the §1681(e) of the FCRA by Experian)**

33.     Paragraphs 1-20 are hereby incorporated by reference.

34.     Experian Information Solutions, Inc. violated 15 U.S.C. § 168l(e)(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning the Mr. Lindsey.

35.     As a result of the conduct, action and inaction of Experian, Mr. Lindsey suffered damage by loss of credit, loss of the ability to purchase and benefit from credit, the mental and emotional pain and anguish as well as the humiliation and embarrassment of credit denial and/or an inability to obtain credit on terms that he would otherwise be able to obtain if the inaccurate information was not included in his credit file.

36.     Experian's conduct, action and inaction was willful in its non-compliance with the FCRA, rendering it liable for compensatory and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681(n).

37.     In the alternative, Experian was negligent in its non-compliance with the FCRA, entitling the Mr. Lindsey to recover under 15 U.S.C. 1681(o).

38.     Mr. Lindsey is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. §1681(n)&(o).

WHEREFORE, Robert Lindsey respectfully requests this Court enter an Order of judgment in favor of Robert Lindsey and against Defendant, Experian Information Solutions, Inc., for the amount of $150,000.00 in compensatory damages and $150,000.00 in punitive damages, plus attorney's fees and post-judgment interest on these amounts until paid in full.

## COUNT IV
### (Violation of §1681(i) of the FCRA Act by Experian)

39.     Paragraphs 1-20 are hereby incorporated by reference.

40.     Experian Information Solutions, Inc. violated 15 U.S.C. §1681i(a) on multiple occasions by

    A. failing to delete inaccurate, incomplete or unverifiable information in Mr. Lindsey's credit file after receiving actual notice of such inaccuracies;

    B. failing to delete inaccurate, incomplete or unverifiable information in Mr. Lindsey's credit file after conducting a reinvestigation into the representations made in the credit file; and

    C. failing to maintain reasonable procedures with which to filter and verify disputed information in Mr. Lindsey's credit file.

41.     As a result of the conduct, action and inaction of Equifax, Mr. Lindsey has suffered damage by loss of credit, loss of the ability to purchase and benefit from credit, the mental and emotional pain and anguish as well as the humiliation and embarrassment of the credit denial and/or inability to obtain credit on terms that he would otherwise be able to obtain if the inaccurate information was not included in his credit file.

42.    Experian's conduct, action and inaction was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §l681(n).

43.    Alternatively, Experian was negligent, entitling the Mr. Lindsey to recover under 15 U.S.C. 1681(o)

44.    Mr. Lindsey is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. §1681(n)&(o).

WHEREFORE, Robert Lindsey respectfully requests this Court enter an Order of judgment in favor of Robert Lindsey and against Defendant, Experian Information Solutions, Inc. for the amount of $150,000.00 in compensatory damages and $150,000.00 in punitive damages, plus attorney's fees and post-judgment interest on these amounts until paid in full.

### COUNT V
### (Violation of the §1681(e) of the FCRA by Trans Union)

45.    Paragraphs 1-20 are hereby incorporated by reference.

46.    Trans Union LLC violated 15 U.S.C. § 168l(e)(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning the Mr. Lindsey.

47.    As a result of the conduct, action and inaction of Trans Union, Mr. Lindsey suffered damage by loss of credit, loss of the ability to purchase and benefit from credit, the mental and emotional pain and anguish as well as the humiliation and embarrassment of credit denial and/or an inability to obtain credit on terms that he would otherwise be able to obtain if the inaccurate information was not included in his credit file.

48.     Trans Union's conduct, action and inaction was willful in its non-compliance with the FCRA, rendering it liable for compensatory and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681(n).

49.     In the alternative, Trans Union was negligent in its non-compliance with the FCRA, entitling the Mr. Lindsey to recover under 15 U.S.C. 1681(o).

50.     Mr. Lindsey is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. §1681(n)&(o).

WHEREFORE, Robert Lindsey respectfully requests this Court enter an Order of judgment in favor of Robert Lindsey and against Defendant, Trans Union, LLC, for the amount of $150,000.00 in compensatory damages and $150,000.00 in punitive damages, plus attorney's fees and post-judgment interest on these amounts until paid in full.

## COUNT VI
### (Violation of §1681(i) of the FCRA Act by Trans Union)

51.     Paragraphs 1-20 are hereby incorporated by reference.

52.     Trans Union, LLC violated 15 U.S.C. §1681i(a) on multiple occasions by

    A.  failing to delete inaccurate, incomplete or unverifiable information in Mr. Lindsey's credit file after receiving actual notice of such inaccuracies;

    B.  failing to delete inaccurate, incomplete or unverifiable information in Mr. Lindsey's credit file after conducting a reinvestigation into the representations made in the credit file; and

    C.  failing to maintain reasonable procedures with which to filter and verify disputed information in Mr. Lindsey's credit file.

53.     As a result of the conduct, action and inaction of Trans Union, Mr. Lindsey has suffered damage by loss of credit, loss of the ability to purchase and benefit from credit, the mental and emotional pain and anguish as well as the humiliation and embarrassment of the credit denial and/or inability to obtain credit on terms that he would otherwise be able to obtain if the inaccurate information was not included in his credit file.

54.     Trans Union's conduct, action and inaction was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §l681(n).

55.     Alternatively, Trans Union was negligent, entitling the Mr. Lindsey to recover under 15 U.S.C. 1681(o).

56.     Mr. Lindsey is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. §1681(n)&(o).

WHEREFORE, Robert Lindsey respectfully requests this Court enter an Order of judgment in favor of Robert Lindsey and against Defendant, Trans Union, LLC, Inc. for the amount of $150,000.00 in compensatory damages and $150,000.00 in punitive damages, plus attorney's fees and post-judgment interest on these amounts until paid in full.

## COUNT VII
### (Defamation – American Express)

57.     Paragraphs 1-20 are hereby incorporated by reference.

58.     The representations made by American Express regarding its purported account with Mr. Lindsey were false:  Mr. Lindsey (i) did not apply in writing, on-line, by telephone or otherwise for the account, (ii) did not know that his name was used in the application for the account, (iii) did not authorize the use of his name in the application for the account, (iv) never used the card and (v) never authorized the use of the card.   Therefore, Mr. Lindsey was not obligated on any account with American Express and could not have had a derogatory payment history with American Express related to the account.

59.     American Express published these false statements to the Credit Reporting Agencies and through the Credit Reporting Agencies to all of Mr. Lindsey's potential lenders on multiple occasions (the "Defamation").

60.     The Defamation by American Express was willful:  American Express had no reasonable basis to believe that the Mr. Lindsey was responsible for the account published by American Express to the Credit Reporting Agencies.  American Express also had substantial evidence (or destroyed any evidence) by which it could have verified that Mr. Lindsey was not the person who had applied and contracted for the credit.  American Express followed procedures which failed to sufficiently provide for the review of and confirmation of the identity of person(s) to whom American Express lent money.

61.     Moreover, even if American Express was unaware that Mr. Lindsey did not open the credit account, American Express thereafter had (or destroyed) all of the evidence and information with which to confirm that Mr. Lindsey had not signed any credit application or any credit account and was not obligated for the American Express account.

62.     As a result of the conduct, action and inaction of American Express, Mr. Lindsey suffered damage by loss of credit, loss of the ability to purchase and benefit from credit, the mental and emotional pain and anguish and the humiliation and embarrassment of denial of credit and/or an inability to obtain credit on terms that he would otherwise be able to obtain if the inaccurate information was not included in his credit file.

63.     The defamatory conduct and actions of American Express were willful, deliberate, intentional and/or with a reckless disregard for the interests and rights of Mr. Lindsey such as to justify an award of punitive damages against American Express in an amount to be determined by the Court.

WHEREFORE, Robert Lindsey respectfully requests this Court enter an Order of judgment in favor of Robert Lindsey and against Defendant, American Express Travel Related Service Company, Inc., for the amount of $150,000.00 in compensatory damages and $150,000.00 in punitive damages, plus attorney's fees and post-judgment interest on these amounts until paid in full.

## COUNT VIII
### (Violation of the FCRA – American Express)

64.     Paragraphs 1-20 are hereby incorporated by reference.

65.     American Express violated the Fair Credit Reporting Act by:

    A.  providing inaccurate, incomplete or unverifiable information on Mr. Lindsey to the various Credit Reporting Agencies;

    B.  providing inaccurate, incomplete or unverifiable information to the Credit Reporting Agencies on Mr. Lindsey related to the account without also including a notation that this debt was disputed and could not be conclusively verified;

    C.  failing to fully and properly investigate Mr. Lindsey's dispute of the adverse credit information once Mr. Lindsey disputed this information with the Credit Reporting Agencies;

    D.  failing to review all relevant information regarding Mr. Lindseys' dispute of adverse credit information in his Credit Reports;

    E.  Failing to conduct an investigation as required by law regarding Mr. Lindseys' dispute of adverse credit information in his Credit Reports;

    F.  failing to correctly report results of any investigation by American Express to the Credit Reporting Agencies;

    G.  failing to promptly notify the Credit Reporting Agencies of any deletions, corrections or additional information necessary to make the information reported by American Express complete and accurate; and

    H.  continuing to provide the Credit Reporting Agencies with information on the account which remains incomplete and/or inaccurate.

66.     As a result of the conduct, action and inaction of American Express, Mr. Lindsey suffered damage by loss of credit, loss of the ability to purchase and benefit from credit, the mental and emotional pain and anguish and the humiliation and embarrassment of credit denials and/or an inability to obtain credit on terms that he would otherwise be able to obtain if the inaccurate information was not included in his credit file.

67.     American Express's conduct, action and inaction as set forth above was willful, rendering American Express liable to Mr. Lindsey for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681(n).

68.     In the alternative, American Express's conduct, action and inaction as set forth above was negligent, entitling Mr. Lindsey to recover under 15 U.S.C. 1681(o).

69.     Mr. Lindsey is also entitled to recover costs and attorney's fees from American Express in an amount to be determined by the Court pursuant to 15 U.S.C. §1681(n)&(o).

WHEREFORE, Robert Lindsey respectfully requests this Court enter an Order of judgment in favor of Robert Lindsey and against Defendant, American Express Travel Related Service Company, Inc., for the amount of $150,000.00 in compensatory damages and $150,000.00 in punitive damages, plus attorney's fees and post-judgment interest on these amounts until paid in full.

**TRIAL BY JURY IS DEMANDED.**

Respectfully submitted,

_____/s/ Adam M. Spence_____
Adam M. Spence, Fed. Bar #14356
Michael J. Lentz, Fed. Bar #26097
The Law Offices of Adam M. Spence, P.C.
105 W. Cheasapeake Avenue, Suite 400
Towson, MD 21204
(410) 823-1881
Telecopier:  (443) 836-9181

***Attorneys for Robert Lindsey***